UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE A. TORRENCE,<br>　　　　Petitioner,<br>　v.<br>GIGI MATTESON,<br>　　　　Respondent. | Case No.   22-cv-01699-VC   (PR)<br><br>**ORDER TO DIMISS PETITION WITH LEAVE TO AMEND, DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 1, 5 |

Willie A. Torrence is a state prisoner who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254, challenging his state court conviction and sentence. Torrence has also filed an application to proceed in forma pauperis.

### I.    Motion to Proceed In Forma Pauperis

Torrence's motion to proceed in forma pauperis is denied. The filing fee for this federal habeas action is $5.00. *See* 28 U.S.C. § 1914(a) ("on application for a writ of habeas corpus the filing fee shall be $5.00"). Where a prisoner seeks to proceed in forma pauperis, Congress requires the court to assess "an initial partial filing fee of 20 percent of the greater of" the prisoner's average monthly balance or average monthly deposits. 18 U.S.C. § 1915(b)(1). Here, the certification of funds in Torrence's account shows that the average balance in his account exceeds $70.00, and the average monthly deposits to his account exceed $60.00. *See* Dkt. No. 5 at 5. The initial filing fee that Torrence would be required to pay exceeds the entire filing fee for this action. *See* 18 U.S.C. § 1915(b)(1).

### II.    Habeas Petition

The petition must be dismissed with leave to amend, for the following reasons. First, although Torrence completed claims one through three on the petition form, he has attached more

than 60 pages of supporting facts which appear to raise many additional claims. The Court cannot tell how many claims Torrence brings or exactly what they are. For example, he labels three sections in his petition as claim two but raises a different claim (or claims) in each of those sections and provides facts that appear to have no relevance to those claims. *See* Rule 2(c), Rules Governing § 2254 Cases (habeas petition must "specify all the grounds for relief" and "state the facts supporting each ground").

Second, the petition appears to contain claims arising only under state law. Federal habeas corpus proceedings are limited to violations of the Constitution, laws and treaties of the United States. 28 U.S.C. § 2254(a). Therefore, if Torrence chooses to file an amended petition, it must allege claims only based on the United States Constitution or federal law.

The Court hereby issues the following orders:

1. Torrence's motion to proceed in forma pauperis is denied. Torrence must pay the $5.00 filing fee within thirty days of the filing date of this order. If he fails to do so, the petition will be dismissed.

2. Torrence's application for a writ of habeas corpus is dismissed with leave to file an amended petition within thirty days after the filing date of this order.

3. The amended petition must bear the case number assigned to this action, (22-cv-01699-VC), and the title "Amended Petition."

4. Torrence shall allege specific federal law or constitutional violations and any supporting facts in his grounds for relief.

5. The Clerk of the Court is directed to send Torrence a blank copy of this court's form for seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

6. Torrence's failure to abide by this order will result in this action being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 19, 2022

VINCE CHHABRIA
United States District Judge

2