UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE A. TORRENCE,<br><br>    Petitioner,<br><br>    v.<br><br>GIGI MATTESON,<br><br>    Respondent. | Case No. 22-cv-01699-VC<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME; DENYING MOTION TO APPOINT COUNSEL; VACATING DENIAL OF REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 8, 11, 14 |

Willie A. Torrence filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Torrence has filed a motion for the appointment of counsel, explaining that he is indigent and unable to afford an attorney to represent him. Dkt. No. 14. He has also filed a motion for extension of time, which is granted. Dkt. No. 11. With respect to the filing fee in this case, the court has reviewed the record and finds that Torrence has made a good-faith effort to pay the filing fee but has been unable to do so. Accordingly, the court vacates the earlier denial of Torrence's request to proceed in forma pauperis and grants him leave to proceed in forma pauperis.

**Appointment of Counsel**

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically

impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196.

The interests of justice do not warrant the appointment of counsel at this time. Torrence has been provided an opportunity to file an amended habeas petition and he has not yet done so. His habeas petition was originally dismissed because it was too lengthy and contained too many repeating claims to make it clear which claims he was seeking to raise in the petition. This can be remedied by Torrence filing an amended petition stating only the claims he seeks to raise in the petition. In addition, while he indicates that he has had limited access to the law library due to covid lockdowns, he has been granted an extension of time to file an amended petition. The court therefore exercises its discretion and denies Torrence's request for appointment of counsel. If the court determines on its own that appointment of counsel is warranted after reviewing the case further, it will appoint counsel.

Based on the foregoing, the court orders as follows:

1. The motion for appointment of counsel is denied. Dkt. No. 14.
2. The motion for extension of time is granted. Dkt. No. 11. Torrence is provided an additional 60 days from the date of this order to file an amended petition.
3. The order denying Torrence's request to proceed in forma pauperis is vacated and Torrence is granted leave to proceed in forma pauperis. Dkt. No. 8. The remainder of that order dismissing the original petition with leave to amend, remains intact.

**IT IS SO ORDERED.**

Dated: October 26, 2022

VINCE CHHABRIA
United States District Judge